R. J. E. HAYS V. FRANKLIN COUNTY LUMBER COMPANY.

[FILED OCTOBER 26, 1892.]

Corporations: ACTION ON SUBSCRIPTION TO CAPITAL STOCK: SUFFICIENCY OF EVIDENCE. The evidence in the bill of exceptions examined and *held* to sustain the judgment of the district court.

ERROR to the district court for Franklin county. Tried below before GASLIN, J.

*A. F. Moore,* for plaintiff in error.

*Sheppard & Black, contra.*

POST, J.

Judgment was entered against the plaintiff in error in the district court of Franklin county in an action therein pending, and of which he now complains. The only ground assigned for a reversal of the judgment is that the findings of the referee are not supported by the evidence. We have read all of the evidence taken by the referee and

Hays v. Franklin County Lumber Co.

can see no sufficient reason for reversing his finding. There are two causes of action presented by the pleadings. First —for a balance due on an agreement in writing to subscribe and pay for capital stock of the defendant in error to the amount of $50. To this cause of action the defense was that the defendant in error, by its board of directors, had declared by resolution that all stock subscribed, but not paid for in full within a time named therein, including that of plaintiff in error, should be forfeited, and the names of such subscribers dropped from the list of stockholders. The resolution introduced in evidence is as follows: "Moved by Ewing that if the delinquent stockholders do not pay their full subscribed stock within the next thirty days their names shall be taken from the rolls." This is merely a resolution to declare the stock forfeited after the expiration of thirty days. There is no evidence that the action contemplated by the resolution was ever taken. The name of plaintiff in error was not dropped from the list of stockholders, nor was he excluded from a participation in the management of the company. It appears, too, that he subsequently purchased a bill of lumber from the company, and, on settlement therefor, was allowed a deduction of $10, being the amount allowed as a credit on purchases by members holding the same amount of stock. We have no occasion to discuss the second cause of action, since the finding upon that was for the plaintiff in error. There being no error in the record, the judgment is

AFFIRMED.

THE other judges concur.